**Moray L. EPHRAIM, Claimant–Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 94–7035.

United States Court of Appeals,
Federal Circuit.

April 26, 1996.

' Ruth Eisenberg, National Veterans Legal Services Project, of Washington, D.C., submitted for claimant-appellant. Stephanie

Forester, National Veterans Legal Services Project, of Washington, D.C., was on the brief for claimant-appellant.

Martin F. Hockey, Jr., Attorney, Commercial Litigation Branch, Department of Justice, of Washington, D.C., submitted for respondent-appellee. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director and Joseph A. Kijewski, Assistant Director. Also on the brief was Nicole Sideris, Department of Veterans Affairs, Washington, D.C., of counsel.

Before ARCHER, Chief Judge, RICH and NEWMAN, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

The jurisdiction of the United States Court of Veterans Appeals is limited to appeals of claims for which a notice of disagreement was filed on or after November 18, 1988, the date set in the Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (*see* 38 U.S.C. § 7251 note). For failure to meet this requirement the Court of Veterans Appeals dismissed the appeal of Moray L. Ephraim.[1] The Court of Veterans Appeals held, in a split decision, that Mr. Ephraim had not stated a new claim when he sought a new disability rating after the diagnosis of a new condition that was found by the court to be "intertwined" with a previously diagnosed condition. Thus the court held that it did not have jurisdiction because the date of Mr. Ephraim's previous notice of disagreement was before November 18, 1988. The court held that his later notice of disagreement did not relate to a new claim following the Regional Office's decision denying an increased rating based on the new diagnosis. We vacate the dismissal, for we conclude that the jurisdictional requirement was met, as a matter of law, when the new notice of disagreement related to a claim based on the diagnosis of a condition that was not known to be present at the time of the previous notice of disagreement.

▮ Appeal to the Federal Circuit from a decision of the Court of Veterans Appeals is limited to cases that require review of the validity or interpretation of a statute, regulation, or constitutional provision, including matters of statutory jurisdiction, authority, or limitations. 38 U.S.C. § 7292(d)(1)(C). Thus a jurisdictional rule of the Court of Veterans Appeals invokes the Federal Circuit's appellate responsibility, except that, unless the appeal presents a constitutional issue, we do not review factual findings or the application of law to particular facts. 38 U.S.C. § 7292(d)(2).

## BACKGROUND

The case arose on the following factual background: In June 1986 the Regional Office reduced Mr. Ephraim's disability rating for his known disorder of depressive neurosis from 50% to 10%. Mr. Ephraim filed a notice of disagreement in May 1987. There were several continuing proceedings, but the agency adhered to the 10% disability rating. During further medical evaluations Mr. Ephraim was diagnosed with post-traumatic stress disorder (PTSD). In September 1989 Mr. Ephraim filed a disability claim that requested a rating for "nervous disorder with consideration for PTSD." The Regional Office responded, stating "[w]e have received your claim for service connection for post traumatic stress disorder," and requested further information to support this claim.

On March 8, 1990 the Regional Office found that there was service connection for "post-traumatic stress disorder with depressive neurosis." The Regional Office described the disability rating for this condition as "10% from 11–1–89." In May 1990 Mr. Ephraim filed a notice of disagreement with that decision. The review procedures continued, and in May 1992 the Board of Veterans Appeals increased the disability rating from 10% to 30%, for "depressive neurosis with post-traumatic stress disorder." Mr. Ephraim appealed the Board's decision to the Court of Veterans Appeals, stating that the rating was still incorrect and that the new diagnosis of post-traumatic stress disorder warranted an increased rating.

Proceedings before the court were stayed pending decision of *Hamilton v. Brown*, 4

1. *Ephraim v. Brown*, 5 Vet.App. 549 (1993).

Vet.App. 528 (1993) (*en banc* ), *aff'd,* 39 F.3d 1574 (Fed.Cir.1994). The Court of Veterans Appeals held in *Hamilton* that there can be only one valid notice of disagreement for a claim, and that the initial notice of disagreement extends to all subsequent adjudications of the same claim, even if there are subsequent proceedings based on remands or appeals within the agency's administrative structure. The Federal Circuit affirmed, stating that an existing claim can not be brought within the jurisdiction of the Court of Veterans Appeals by filing another notice of disagreement after November 18, 1988. The Federal Circuit explained that a veteran's disagreement with a Board's "updated statement of the agency's position" does not constitute a new notice of disagreement, and thus can not achieve the right of appeal to the Court of Veterans Appeals. *Hamilton,* 39 F.3d at 1584 (emphasis in original).

Mr. Ephraim's May 1990 notice of disagreement challenged the agency's decision denying increased benefits based on the diagnosis of post-traumatic stress disorder. Mr. Ephraim's position is that post-traumatic stress disorder is not the same disease as depressive neurosis, and therefore that his claim filed in September 1989 is not the same as his prior claim. The Court of Veterans Appeals held that Mr. Ephraim's claim filed in September 1989 had not "raised a separate and distinct disability claim that had not been previously considered." *Ephraim,* 5 Vet.App. at 550. The court held that the new notice of disagreement of May 1990, protesting the disability rating for the September 1989 claim, was simply a "disagreement with a subsequent readjudication of a remanded claim," *id.,* and dismissed Mr. Ephraim's appeal for lack of jurisdiction. This appeal followed.

## DISCUSSION

■ For the purpose of determining a court's jurisdiction we accept the allegations in the complaint or petition as true, making reasonable factual assumptions and drawing plausible inferences in favor of the petitioner. Disputed facts, unless without color of plausible basis, are resolved in favor of the petitioner for jurisdictional purposes. *Henke v.*

*United States,* 60 F.3d 795, 797 (Fed.Cir. 1995). Jurisdiction is established when the factual allegations and inferences place the subject matter within the court's authority as assigned by statute. If the predicate facts are not proved after the court assumes jurisdiction, the decision is deemed to be on the merits, resolving the substantive claim. *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946).

■ Applying *Hamilton,* the Court of Veterans Appeals stated that Mr. Ephraim had not "raised a separate and distinct disability claim that had not been previously considered." However, the agency's action after the diagnosis of post-traumatic stress disorder can not be viewed as simply an "**updated statement of the agency's position**," as in *Hamilton,* for it was the initial decision on Mr. Ephraim's claim for post-traumatic stress disorder. No agency decision and no notice of disagreement before November 18, 1988 related to post-traumatic stress disorder, either taken alone or in combination with depressive neurosis.

■ The Court of Veterans Appeals stated that the rated depressive neurosis and the newly asserted post-traumatic stress disorder are "inextricably intertwined." However, a newly diagnosed disorder, whether or not medically related to a previously diagnosed disorder, can not be the same claim when it has not been previously considered. The regulations governing veterans' benefits recognize that "[t]he field of mental disorders represents the greatest possible variety of etiology, chronicity and disabling effects, and requires differential consideration in these respects." 38 C.F.R. § 4.125. The Court of Veterans Appeals erred in interpreting this regulation, in holding that the proceedings based on the new diagnosis of "another facet" of "mental disability" were merely "readjudication of a remanded claim." *Ephraim,* 5 Vet.App. at 550.

The Court of Veterans Appeals explained in *Hamilton* that when there was no indication that a specific claim was before the Regional Office at the time of its initial determination, the earlier notice of disagreement as to that determination "did not, because it

could not, comprehend [the specific claim]." 4 Vet.App. at 542. *Hamilton* did not hold that a new medical diagnosis does not provide a new claim for jurisdictional purposes. A claim that could not have been adjudicated prior to the original notice of disagreement, because all or a significant element of that claim had not yet been diagnosed, is a new claim although both the new and the prior diagnosis relate to mental disorders.

■ When there is a new diagnosis of a new service-related condition, and the notice of disagreement that relates to the decision concerning that condition is filed after November 18, 1988, the jurisdictional statute assigns to the Court of Veterans Appeals the authority and obligation to review the claim that includes that new service-related condition. The Court of Veterans Appeals, in ruling that Mr. Ephraim's claim that comprehended post-traumatic stress disorder was not "separate and distinct" because it related to mental illness and was "intertwined" with the prior depressive neurosis claim, transcends the holding of *Hamilton*. In *Hamilton* the veteran was barred from judicial review of the agency's updated position; there was no new medical diagnosis of a new service-related illness.

Whether in Mr. Ephraim's case the new diagnosis of post-traumatic stress disorder with depressive neurosis warrants an adjustment in the disability rating is a question of fact, and is not reviewable by this court. Our decision is limited to the issue of the jurisdiction of the Court of Veterans Appeals. We conclude that a claim based on the diagnosis of a new mental disorder, taken alone or in combination with a prior diagnosis of a related mental disorder, states a new claim, for the purpose of the jurisdictional requirement, when the new disorder had not been diagnosed and considered at the time of the prior notice of disagreement. Mr. Ephraim's May 1990 notice of disagreement relates to a claim that could not have been comprehended in his prior notice of disagreement because a significant aspect thereof (post-traumatic stress disorder) had not been diagnosed. The dismissal for lack of jurisdiction is vacated, and the cause is remanded for review of the factual merits of the appeal.

*VACATED AND REMANDED.*