# United States Court of Appeals for the Federal Circuit

2007-7137


CLINTON C. BOGGS, JR.,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.


Richard A. Kaplan, Sidley Austin LLP, of Washington, DC, argued for claimant-appellant. Of counsel on the brief were Barton F. Stichman and Louis J. George, National Veterans Legal Services Program, of Washington, DC.

Michael N. O'Connell, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Jeanne E. Davidson, Director, and Martin F. Hockey, Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Jamie L. Mueller, Attorney, United States Department of Veterans Affairs, of Washington, DC.


Appealed from: United States Court of Appeals for Veterans Claims

Judge William A. Moorman

# United States Court of Appeals for the Federal Circuit

2007-7137

CLINTON C. BOGGS, Jr.

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in case no. 04-0235, Judge William A. Moorman.

_____

DECIDED:  March 26, 2008

_____

Before GAJARSA and DYK, <u>Circuit Judges</u>, and MORAN, <u>Senior District Judge</u>. [*]

GAJARSA, <u>Circuit Judge</u>.

Claimant-Appellant Clinton C. Boggs, Jr. appeals a decision of the Court of Appeals for Veterans Claims ("CAVC") affirming a decision of the Board of Veterans' Appeals ("Board") that denied his 2002 claim for service connection.  The central issue on appeal is whether Boggs' 2002 claim is the same as a 1955 claim that had already been denied by the Board, or rather is a new claim that should have been reviewed by the Board on the merits.  Because the CAVC applied the wrong legal standard in determining that Boggs' 2002 claim was the same as his 1955 claim, we reverse and remand for further proceedings.

_____

[*]    Honorable James B. Moran, Senior District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

## BACKGROUND

Boggs served on active duty in the U.S. Army from December 1950 to March 1954. During this time, he served in combat in the Korean Conflict as part of the 69th Field Artillery Unit of the 25th Infantry Division. Based on this service, Boggs received the Korean Service Medal with two Campaign Stars, the National Defense Service Medal, and the United Nations Service Medal.

In 1955, Boggs filed a claim for service connection for a "left ear condition." A Department of Veterans Affairs ("VA") medical examiner diagnosed Boggs as suffering from a chronic ear infection in his left ear, which had originated in 1941, and conductive hearing loss in his left ear. Conductive hearing loss is caused by problems in the external or middle ear, which often include ear infections or obstructions such as earwax. The Merck Manual § 8 at 781-83 (18th ed. 2006) (hereinafter "Merck Manual"). Shortly after Boggs was diagnosed with conductive hearing loss, the VA Regional Office ("RO") reviewed Boggs' claim and concluded that his conductive hearing loss was caused by an ear infection that originated before his military service. The RO also found that there was no evidence of any other service-related trauma or disease that caused or aggravated his conductive hearing loss. Accordingly, the RO denied Boggs' claim for service connection.

Nearly 50 years later, on October 2, 2002, Boggs filed a second application for service connection for hearing loss in his left ear. While his application was pending with the VA, Boggs visited a private physician who diagnosed Boggs as having sensorineural hearing loss. Unlike conductive hearing loss, which results from a problem in the middle or outer ear, sensorineural hearing loss results from lesions of the

inner ear or auditory nerve.  Merck Manual at 781.  In addition, whereas conductive hearing loss is often caused by ear infections or obstructions, sensorineural hearing loss is often caused by acoustic trauma or repeated exposure to loud noise.  Id. at 782-83.

Initially, the RO treated Boggs' 2002 claim as an attempt to reopen his 1955 claim and notified him that new and material evidence would be required to reopen his claim.  However, when the RO ultimately considered Boggs' 2002 claim, its decision only referred to the claim as a "new claim" and failed to specify the new and material evidence requirement.  Accordingly, the RO conducted a de novo review of the evidence offered by Boggs to support his 2002 claim for service connection.  Among the evidence the RO considered were the recent medical treatment reports from Boggs' private physician diagnosing him with sensorineural hearing loss.  Despite this evidence, the RO found that Boggs had failed to establish that his injury was related to his military service.  Accordingly, the RO denied Boggs' claim for service connection. Boggs then appealed to the Board.

Although the RO's decision appears to have treated Boggs' 2002 claim as a new claim, the Board determined that Boggs was attempting to reopen his 1955 claim.  The Board's rationale was that both the 2002 and 1955 claims involved left-ear hearing loss. Moreover, the Board found that Boggs had failed to present new and material evidence to support his claim, which pursuant to 38 U.S.C. § 5108 and 38 C.F.R. § 3.156, is required to reopen a claim that has been denied by the Board.  In particular, the Board found that Boggs' diagnosis for sensorineural hearing loss was cumulative with the evidence of conductive hearing loss he had submitted for his 1955 claim.  Based upon

its finding that Boggs failed to present new and material evidence, the Board denied Boggs' 2002 claim as a failed attempt to reopen his 1955 claim. Boggs then appealed to the CAVC.

Before the CAVC, Boggs argued that the Board erred by categorizing his 2002 claim as a claim for hearing loss rather than as a claim for sensorineural hearing loss. Essentially, Boggs argued that his 2002 claim was for *sensorineural* hearing loss that was caused by the loud noises he experienced on the artillery lines in the Korean Conflict, as distinguished from his 1955 claim for *conductive* hearing loss that had been caused by his preexisting chronic ear infection. The CAVC disagreed. The CAVC held that hearing loss is the same injury whether it involves an injury to the inner ear (sensorineural hearing loss) or an injury to the middle or outer ear (conductive hearing loss). In particular, despite acknowledging that conductive hearing loss and sensorineural hearing loss have different etiologies, i.e. causes, the CAVC held that they should be considered the same because they involve the same symptomatology, i.e. loss of hearing. Thus, because Boggs' 2002 and 1955 claims both involved left-ear hearing loss, the CAVC concluded that the Board had not erred in denying Boggs' 2002 claim as an attempt to reopen his 1955 claim. Boggs now appeals the CAVC's decision to this court.

## JURISDICTION AND STANDARD OF REVIEW

This court has exclusive but limited jurisdiction to review decisions of the CAVC under 38 U.S.C. § 7292(c). Specifically, we have "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory

2007-7137                                            4

provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). However, "[e]xcept to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). In the present case, we have jurisdiction to interpret 38 U.S.C. § 7104(b) to determine the correct legal standard for deciding whether two claims for service connection are one and the same.

In reviewing the decision of the CAVC, this Court must decide "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). We review construction of a statute or regulation de novo. Summers v. Gober, 225 F.3d 1293, 1295 (Fed. Cir. 2000).

## ANALYSIS

As a general rule, "when a claim is disallowed by the Board, the claim may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered." 38 U.S.C. § 7104(b) (emphasis added). The purpose of § 7104(b) is "to preserve the finality of Board decisions." Dittrich v. West, 163 F.3d 1349, 1351 (Fed. Cir. 1998). There are only two statutorily created exceptions to the rule of finality for veterans claims in § 7104(b). Cook v. Principi, 318 F.3d 1334, 1337 (Fed. Cir. 2002) (en banc). First, under 38 U.S.C. § 5108, "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim." See also 38 C.F.R. § 3.156; Barnett v. Brown, 83 F.3d 1380, 1383 (Fed. Cir. 1996) ("[T]he Board does not have jurisdiction to consider a claim which it previously

adjudicated unless new and material evidence is presented, and before the Board may reopen such a claim, it must so find."). Second, a final decision "is subject to revision on the grounds of clear and unmistakable error." Cook, 318 F.3d at 1337 (quoting 38 U.S.C. §§ 5109A (decision by the Secretary) & 7111 (decision by the Board)). Thus, absent a claim of clear and unmistakable error, a veteran must present new and material evidence to support any claim for service connection that rests upon the same factual basis as an earlier claim that has been denied by the Board.

In this case, this court must decide for the first time when two claims should be considered to have the "same factual basis" for purposes of 38 U.S.C. § 7104(b). If a veteran's claim does not have the same factual basis as a prior claim, then the veteran is not seeking to reopen his prior claim but rather is opening a new claim. Moreover, if the veteran is opening a new claim, the new and material evidence requirement of 38 U.S.C. § 5108 is inapplicable.

The legislative history of 38 U.S.C. § 7104(b) indicates that the "factual basis" of a veteran's claim for service connection is the veteran's underlying disease or injury, rather than the symptoms of that disease or injury. In 1957, Congress consolidated "into a single act the subject matter of the extensive body of existing legislation authorizing and governing the payment of compensation for service-connected disability or death to persons who served in the military, naval, or air force of the United States." H.R. Rep. No. 85-279, at 2 (1957). This act was known as the Veterans' Benefit Act of 1957 ("VBA"), Pub L. No. 85-86, 71 Stat. 83 (1957). In addition to consolidating existing veterans' legislation, the VBA also consolidated "all the administrative provisions relating to . . . all benefits administered by the Veterans' Administration." H.R. Rep. No.

85-279, at 2. One such administrative provision was 38 C.F.R. § 3.201(a) (1956), which provides:

> New and material evidence, relating to <u>the same factual basis (such as, in the case of a living veteran, the same disease or injury)</u> as that of the disallowed claim, submitted subsequent to the final disallowance of the claim will constitute a new claim and have all the attributes thereof . . . .

38 C.F.R. § 3.201(a) (1956) (emphasis added). As incorporated into the VBA, this administrative provision became:

> Where a claim has been finally disallowed, a later claim on <u>the same factual basis</u>, if supported by new and material evidence, shall have the attributes of a new claim . . . .

VBA § 904(a) (codified at 38 U.S.C. § 3004 (1958)) (emphasis added). In the intervening years, Congress amended this provision several times, ultimately bifurcating the provision into its current form, which is the jurisdictional limitation of 38 U.S.C. § 7104(b) and the claim reopening provision at 38 U.S.C. § 5108. The fact that the term "same factual basis" has been present in each of these amended provisions strongly suggests that term continues to have the meaning it had when VBA was enacted in 1957. As noted, the regulation initially incorporated into the VBA provided that the term "same factual basis" referred to, "in the case of a living veteran, the same disease or injury." 38 C.F.R. § 3.201(a) (1956). Accordingly, we hold that the "factual basis" of a claim for purposes of 38 U.S.C. § 7104(b) is the veteran's disease or injury rather than the symptoms of the veteran's disease or injury.

In addition, we hold that a properly diagnosed disease or injury cannot be considered the same factual basis as distinctly diagnosed disease or injury. It follows that because § 7104(b) distinguishes claims according to their factual bases, claims based upon distinctly and properly diagnosed diseases or injuries cannot be considered

the same claim.[1] This holding is consistent with our precedent in Ephraim v. Brown, 82 F.3d 399 (Fed. Cir. 1996). In Ephraim, the court considered whether it had jurisdiction over a claim brought under the Veterans' Judicial Review Act ("VJRA"), Pub. L. No. 100-687, § 402, 102 Stat. 4105, 4122 (1988) (see 38 U.S.C. § 7251 note). Ephraim, 82 F.3d at 402. Under § 402 of the VJRA, the CAVC lacks jurisdiction over claims for which a notice of disagreement ("NOD") was filed before the date of enactment of the VJRA. Id. at 400. The issue in Ephraim was whether two claims for which the veteran had filed two separate NODs were in fact the same claim. Id. at 401. The issue arose because the veteran had filed a NOD for the first claim before the date of enactment of the VJRA but had filed a NOD for the second claim after the date of enactment of the VJRA. Id. at 400, 401. The first claim brought by the veteran was based upon a diagnosis of depressive neurosis; the second claim was based upon a diagnosis of post-traumatic stress disorder ("PTSD"). Id. Because the NOD for the depressive neurosis claim was filed before the date of enactment of the VJRA, the CAVC had no jurisdiction over that claim. Therefore, if the depressive neurosis and PTSD claims were the same, then the CAVC also would lack jurisdiction over the PTSD claim.

The veteran in Ephraim argued that his two claims were not identical because they were based upon distinct medical diagnoses. Id. at 401. However, the CAVC held that the two claims were the same because the depressive neurosis and PTSD

---

[1] Our holding does not impose a new requirement that a veteran must submit a diagnosis by a medical doctor to establish a claim for service connection. Indeed, numerous veterans' statutes and regulations require that the VA consider lay evidence when considering a veteran's a claim for disability benefits and "make clear that competent lay evidence can be sufficient in and of itself." Buchanan v. Nicholson, 451 F.3d 1331, 1335 (Fed. Cir. 2006) (discussing 38 U.S.C. §§ 1154(a), 5107(b) & 38 C.F.R. §§ 3.303(a), 3.307(b)); see also Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007).

diagnoses were "inextricably intertwined." Id. Accordingly, the CAVC dismissed the veteran's appeal of his PTSD claim for lack of jurisdiction. Id. On appeal, we reversed. In particular, we held that "a newly diagnosed disorder, whether or not medically related to a previously diagnosed disorder, can not be the same claim when it has not been previously considered." Id. In other words, we held that claims based on separate and distinctly diagnosed diseases or injuries must be considered separate and distinct claims. See id.

In this case, the CAVC held that even where two claims are based upon separate and distinctly diagnosed injuries, they can be considered one and the same for purposes of 38 U.S.C. § 7104(b) if they involve the same symptomatology. We disagree for several reasons. First, we see no reason to interpret 38 U.S.C. § 7104(b) inconsistently with our interpretation of VJRA § 402 in Ephraim. Indeed, as both provisions are designed to limit the jurisdiction of the CAVC, it is logical to interpret them consistently. Just as claims based upon distinctly diagnosed diseases or injuries are considered distinct claims for purposes of VJRA § 402, claims based upon distinctly diagnosed diseases or injuries should be considered distinct claims for purposes of 38 U.S.C. § 7104(b).

Second, distinguishing claims based upon distinct medical diagnoses is more accurate and reliable than distinguishing claims according to subjective descriptions of the veteran's symptoms.[2] Where the veteran brings a claim for benefits based upon a

---

[2] See Dorland's Illustrated Medical Dictionary 1805 (30th ed. 2003) (defining "symptom" as "any subjective evidence of disease . . . as perceived by the patient"); Webster's Third New International Dictionary 2318 (2002) (defining "symptom" as "subjective evidence of disease or physical disturbance observed by the patient").

medical diagnosis of a particular disease or injury, the VA must consider whether that precise, medically defined disease or injury is service connected.

At the same time, a misdiagnosis cannot be the basis for a new claim. Under § 7104(b), once a claim for service connection of a properly diagnosed disease or injury has been denied by the Board, the Board cannot exercise jurisdiction over a new claim based upon that same disease or injury. Therefore, a veteran is not entitled to a new claim based upon that same disease or injury merely because he has been misdiagnosed as having a different disease or injury. Accordingly, if the VA establishes, via medical evidence, (1) that the veteran has been misdiagnosed and (2) that the Board has already denied service connection for the veteran's properly diagnosed disease or injury, then § 7104(b) will bar the Board from exercising jurisdiction over the veteran's claim as a new and independent claim. However, if the veteran has also provided new and material evidence to establish a service connection, then the Board must exercise jurisdiction over the veteran's claim under § 5108 as a reopening of the previously denied claim.

In addition, a new theory of causation for the same disease or injury that was the subject of a previously denied claim cannot be the basis of a new claim under § 7104(b). However, if the evidence supporting the veteran's new theory of causation constitutes new and material evidence, then the VA must reopen the veteran's claim under § 5108.

Third, under the VA's regulations, the appropriate time to consider the veteran's symptoms is when determining the amount of compensation to which the veteran is entitled. See 38 C.F.R. § 4.14 (instructing the Secretary to avoid the "evaluation of the

same disability under various diagnoses" when determining disability ratings for compensation purposes); see also 38 C.F.R. §§ 3.385, 4.85 (instructing the Secretary to consider the veteran's degree of hearing impairment when determining disability ratings for compensation purposes). Under these regulations, a veteran cannot be compensated more than once for the same disability. However, since different diagnosed diseases or injuries can have different causes, a veteran should not be precluded from showing that one diagnosed disease or injury is service connected merely because a different diagnosed disease or injury was not.

In sum, under the CAVC's symptomatology standard, a later-filed claim could be prejudiced by a prior claim merely because the two claims involved diseases or injuries with overlapping symptoms. However, under the proper reading of § 7104(b), a claim for one diagnosed disease or injury cannot be prejudiced by a prior claim for a different diagnosed disease or injury. Rather, the two claims must be considered independently because they rest on distinct factual bases. Moreover, treating such claims distinctly serves the intended purpose of 38 U.S.C. § 7104(b) by preserving the finality of Board decisions without unfairly precluding veterans from pursuing claims for distinct diseases or injuries.

Accordingly, we hold that the CAVC erred as a matter of law in finding that claims based upon distinctly diagnosed diseases or injuries can be considered the same for purposes of 38 U.S.C. § 7104(b) merely because those diseases or injuries involve overlapping symptomatology. The proper reading of 38 U.S.C. § 7104(b) and the test thereunder is that claims based upon distinctly diagnosed diseases or injuries must be considered separate and distinct claims. We leave it to the VA, operating under the

<u>Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837 (1984) framework, to define this test with greater precision as necessary.

## CONCLUSION

For the forgoing reasons, we reverse the decision of the CAVC and remand for a determination of whether Boggs' 2002 claim is based upon a different diagnosed disease or injury than his 1955 claim. If the CAVC finds that the two claims are based on different and properly diagnosed diseases or injuries, then Boggs's 2002 claim is a new claim and must be reviewed on the merits.

<u>REVERSED</u> AND <u>REMANDED</u>

Costs to appellant.