Citation Nr: 1114720 
Decision Date: 04/14/11 Archive Date: 04/21/11

DOCKET NO. 07-12 907 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to service connection for a heart disorder, claimed as atrial fibrillation (irregular heartbeat).


ATTORNEY FOR THE BOARD

Amy M. Smith, Associate Counsel











INTRODUCTION

The Veteran served on active duty from December 1958 to November 1960.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2006 rating action of the Department of Veterans Affairs Regional Office (RO) in Nashville, Tennessee.

The Veteran seeks service connection for a heart condition. Although service connection for a heart murmur was denied by VA in an unappealed February 1961 rating decision, at that time the evidence did not show a current heart condition. Since that time, the Veteran has been diagnosed as having atrial fibrillation (irregular heartbeat). Because service connection was not previously denied for atrial fibrillation, that disability must be considered de novo. Boggs v. Peake, No. 2007-7137 (Fed. Circ. Mar. 26, 2008); see also Ephraim v. Brown, 82 F.3d. 399, 402 (Fed. Cir. 1996).

This appeal has been before the Board twice previously, most recently in November 2009, when it was remanded for additional development. Such development having been completed, the appeal has been returned to the Board for further review.

In a January 2008 statement, the Veteran withdrew his request for a hearing in connection with the claim on appeal.


FINDING OF FACT

The Veteran's current atrial fibrillation was not present until many years after service and the competent medical and other evidence of record does not establish that this disorder is attributable to his military service, including to a heart murmur found therein.



CONCLUSION OF LAW

The Veteran's atrial fibrillation was not incurred in or aggravated by service. 38 U.S.C.A. §§ 1101, 1131, 5103, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309 (2010).


REASONS AND BASES FOR FINDING AND CONCLUSION

Duties To Notify And Assist

The Veterans Claims Assistance Act of 2000 (VCAA) describes VA's duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a).

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his or her representative of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b). Proper VCAA notice must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide in accordance with 38 C.F.R. § 3.159(b)(1). 
Pelegrini v. Principi, 18 Vet. App. 112, 120-121 (2004). 

The foregoing notice requirements were satisfied by a May 2006 letter. Following that letter, the March 2007 statement of the case and October 2009 and February 2011 supplemental statements of the case were issued, each of which provided the Veteran with additional time to submit more evidence. The Veteran was informed of the law and regulations governing the assignment of disability ratings and effective dates in the March 2007 statement of the case. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006).

Additionally, the Board finds that the duty to assist provisions of the VCAA have been met in this case. The Veteran has been accorded a pertinent VA examination. Further, all obtainable evidence adequately identified by the Veteran relative to his claim has been obtained and associated with the claims file. He has not identified any other pertinent evidence, not already of record, which would need to be obtained for a fair disposition of this appeal. In this regard, the Board notes that, consistent with the June 2008 and November 2009 Board remands, the RO attempted to obtain records of treatment at the Hines VA Hospital as well as those generated during his Army Reserve service. However, a June 2009 response from the Hines VA Hospital indicates that no records for the Veteran were found, and a June 2010 response from the National Personnel Records Center indicates that all available service treatment records had been sent.

Additionally, in accordance with the June 2008 remand instructions, in August 2008, the RO sent the Veteran a letter requesting that he identify the cardiologist referred to in his December 2006 notice of disagreement, who apparently told him that a systolic murmur can and usually does develop into atrial fibrillation. In a statement received in May 2009, the Veteran provided a list of treating physicians/facilities that he asserts have stated that a heart murmur can develop into atrial fibrillation. With the exception of the Hines VA Hospital and the Army Reserve discussed above, records from these physicians/facilities have been obtained and associated with the claims file. 

General Laws And Regulations

Service connection may be granted for any disability resulting from injury suffered or disease contracted in line of duty, or for aggravation in service of a pre-existing injury or disease. 38 U.S.C.A. § 1110. Service connection may be established by demonstrating that the disability was first manifested during service and has continued since service to the present time or by showing that a disability which pre-existed service was aggravated during service. Service connection may be granted for any disease diagnosed after discharge from service, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303.
When a chronic disease such as cardiovascular-renal disease, including hypertension, becomes manifest to a degree of 10 percent within one year of the Veteran's discharge from service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the Veteran's period of service. 38 U.S.C.A. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309.

In relevant part, 38 U.S.C.A. 1154(a) requires that VA give "due consideration" to "all pertinent medical and lay evidence" in evaluating a claim for disability or death benefits. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. Sept. 14, 2009).

The Board acknowledges that the Veteran is competent to give evidence about what he experienced; for example, he is competent to report that he experiences certain symptoms. See, e.g., Layno v. Brown, 6 Vet. App. 465 (1994). Competency, however, must be distinguished from weight and credibility, which are factual determinations going to the probative value of the evidence. See Rucker v. Brown, 10 Vet. App. 67, 74 (1997). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the benefit of the doubt shall be given to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996), citing Gilbert, 1 Vet. App. at 54.

Analysis

The Veteran contends that his currently-shown atrial fibrillation is the result of his military service. Specifically, he asserts that this condition is related to a heart murmur that was detected during active duty. 

The service treatment records reveal that at his December 1958 entrance examination, the Veteran was noted to have an unspecified heart abnormality. The report of his September 1960 separation examination shows a Grade II systolic murmur, with a notation by the examiner that there was no indication for medical evaluation or treatment. There are no findings of, or treatment for, atrial fibrillation. 

Post-service medical records show that the Veteran underwent a special cardiovascular examination by VA in January 1961. The diagnosis at that time was systolic murmur, and the examination report is silent for a finding of atrial fibrillation. 

The earliest evidence describing atrial fibrillation is an August 1994 private treatment report, which reflects a long history of paroxysmal (occasional) atrial fibrillation, and a finding at that time of chronic atrial fibrillation. Subsequent private and VA records reflect continued treatment for atrial fibrillation, with a February 2003 VA treatment report reflecting medication for control of the disorder for the past three years.

The Veteran underwent a pertinent VA examination in January 2007. Clinical evaluation revealed an irregular heart rhythm (atrial fibrillation) with no murmurs; an electrocardiograph confirmed the finding. Upon review of the claims file, the examiner noted that while a murmur was identified upon service discharge in 1960, no medical evaluation was found necessary at that time. The examiner also noted the 2003 VA treatment records reflecting atrial fibrillation. Based on these findings and observations, the examiner opined that it is less likely than not that the murmur noted in service resulted in the Veteran's atrial fibrillation. 

In a March 2009 statement, the Veteran's private physician indicated that there was a possibility that the Veteran's atrial fibrillation was related to a valvular heart disease noted on recent diagnostic testing. Significantly, however, the statement is silent as to any relationship between the Veteran's atrial fibrillation and his military service, including the in-service heart murmur.

Upon careful consideration of the foregoing evidence, the Board finds that service connection for a heart disorder is not warranted. Although the Veteran asserts that he had an irregular heartbeat upon service discharge (see April 2006 statement), the service treatment records reflect only a finding of a murmur, with no indication of an irregular heartbeat or atrial fibrillation, and he is not competent to diagnose any heart disorder. See Espiritu v. Derwinski, 2 Vet. App. 492 (1992). 

There is also no evidence whatsoever reflecting atrial fibrillation within one year of service (as a potential trigger of the application of the legal presumption of service connection for chronic disease). In this regard, the Board acknowledges the Veteran's assertion that he underwent a complete cardiac examination in 1961 during his Reserve service (see May 2009 statement). He has not, however, asserted that he was found to have atrial fibrillation at that time, and, as mentioned previously, the report of a January 1961 VA cardiovascular examination performed during this same 
time-frame is absent for a finding of atrial fibrillation, with a murmur as the only diagnosis indicated. 

Although post-service treatment records show a history of atrial fibrillation, the earliest evidence reflecting a diagnosis of the disorder is in 1994. This lengthy period without post-service treatment (e.g., 35 years after separation from service) weighs heavily against the claim. Maxson v. Gober, 230 F.3d 1330 (Fed. Cir. 2000). Further, none of the post-service medical records indicate a link between the Veteran's atrial fibrillation and his active military service, including the murmur diagnosed therein, with the January 2007 VA examiner specifically rejecting any link between the Veteran's in-service murmur and his irregular heartbeat.

In the instant case, it is clear that the Veteran sincerely believes that his current atrial fibrillation is related to his in-service heart murmur. However, he does not possess the medical knowledge or training required to express an opinion as to the etiology of his current heart disorder. Espiritu, 2 Vet. App. 492, 494 (1992). 

In view of the absence of atrial fibrillation in service, or for years after service, and a specific medical opinion rejecting any link between this disorder and the Veteran's in-service heart murmur, the Board finds that the preponderance of the evidence is against the Veteran's claim for service connection for a heart disorder. Service connection is not warranted, and the appeal is denied.

ORDER

Service connection for a heart disorder is denied.



____________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs