Citation Nr: 1121863 
Decision Date: 06/06/11 Archive Date: 06/20/11

DOCKET NO. 09-06 069 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas



THE ISSUES

1. Entitlement to an initial rating in excess of 20 percent for cold injury residuals of the right lower extremity. 

2. Entitlement to an initial rating in excess of 20 percent for cold injury residuals of the left lower extremity. 

3. Entitlement to an initial rating in excess of 20 percent for cold injury residuals of the right upper extremity. 

4. Entitlement to an initial rating in excess of 20 percent for cold injury residuals of the left upper extremity. 

5. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).




REPRESENTATION

Veteran represented by: Disabled American Veterans



WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

Helena M. Walker, Associate Counsel



INTRODUCTION

The Veteran served on active duty from October 1951 to October 1955. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from September 2008 and October 2009 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. 

The September 2008 rating decision awarded service connection for cold injury residuals of the bilateral upper and lower extremities-assigning 10 percent ratings each for the upper extremities, and 20 percent each for the lower extremities. It also denied TDIU. In the October 2009 rating decision, the RO awarded a 20 percent rating for each of the upper extremities from the date of claim. Although this was a partial grant of the benefit sought in regards to the upper extremities, the Board notes that the Veteran has indicated continued disagreement with the ratings assigned and the Veteran has not been granted the maximum benefit allowed; thus, the claim is still active. See AB v. Brown, 6 Vet. App. 35, 38 (1993).

In January 2011, the Veteran appeared and testified at a Travel Board hearing at the Waco RO. The transcript is of record.

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2010). 38 U.S.C.A. § 7107(a)(2) (West 2002).

For reasons which will be set forth below, the issues listed on the title page are remanded to the RO for further development. The Veteran will be notified should further action be required.



REMAND

Upon preliminary review of the evidence of record, and in light of the Veteran's January 2011 hearing testimony, the Board finds that further evidentiary development is necessary. 

The Veteran most recently underwent a VA examination specific to his cold injury residuals in August 2008. In October 2009, he underwent a VA General Medical Examination to determine whether his service-connected cold injury residuals render him unemployable. 

During his January 2011 hearing, the Veteran testified that symptoms of his service-connected cold injury residuals of the upper and lower extremities have worsened since the prior VA examinations. He specifically testified that his physician increased his pain medications, and he has lost grip in his hands since he was first examined. He advised that he did not have any sensation in his legs from the knee down, and he experiences pain if he does not take his medication. He further testified that during periods of flare-ups, his feet and toes are discolored. 

In order to effectively evaluate the Veteran's service-connected cold injury residuals of the bilateral upper and lower extremities, a more recent, objective characterization of his disability and its associated symptomatology is required. See Caffrey v. Brown, 6 Vet. App. 377, 381 (1994), and Allday v. Brown, 7 Vet. App. 517, 526 (1995) (where record does not adequately reveal current state of claimant's disability, fulfillment of duty to assist requires contemporaneous medical examination, particularly if there is no additional medical evidence which adequately addresses the level of impairment since previous examination).

Finally, the Board notes that the appeal seeking TDIU is inextricably intertwined with the increased evaluation of the cold injury residuals of the bilateral upper and lower extremities inasmuch as a grant of a higher evaluation, or the denial of a higher evaluation, could affect the outcome of the TDIU claim, as at present, the Veteran does not meet the statutory criteria for TDIU. Ephraim v. Brown, 82 F.3d 399 (Fed. Cir. 1996). Further consideration of this TDIU claim must be deferred to avoid piecemeal adjudication. See Bagwell v. Brown, 9 Vet. App. 337 (1996).

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2010). Expedited handling is requested.)

1. Schedule the Veteran for a VA examination to ascertain the current severity and manifestations of his service-connected cold injury residuals of the bilateral upper and lower extremities. If possible, schedule this examination during a period of flare-up or when the symptoms are more apparent. Conduct all testing and evaluation indicated and review the results of any testing prior to completion of the examination report. The examiner should also comment on the Veteran's current level of social and occupational impairment due to his service-connected cold injury residuals. Any indications that the Veteran's complaints or other symptomatology are not in accord with the objective findings on examination should be directly addressed and discussed in the examination report. If no opinion can be rendered, an explanation should be set forth.

The claims file should be made available to the examiner for review in connection with the examination. The examiner should also be provided a full copy of this remand. The examiner must indicate in the examination report whether or not review of the claims folder was made. Please also discuss the rationale of all opinions provided.

2. Thereafter, the issues on appeal should be readjudicated-including the issue of entitlement to TDIU benefits. If the benefits sought on appeal are not granted to the Veteran's satisfaction, he and his representative should be provided with a supplemental statement of the case and be afforded the appropriate time period within which to respond. The Board again places the Veteran on notice that pursuant to the provisions of 38 C.F.R. § 3.655, failure to cooperate by not attending any requested VA examination may result in an adverse determination.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).




_________________________________________________
ROBERT E. O'BRIEN
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2010).