http://www.va.gov/vetapp16/Files4/1634345.txt

Citation Nr: 1634345 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 11-10 103 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky

THE ISSUES

1. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for diabetes mellitus.

2. Entitlement to service connection for diabetes mellitus.

ATTORNEY FOR THE BOARD

L. S. Kyle, Associate Counsel

INTRODUCTION

The Veteran served on active duty from August 1967 to November 1970, to include service in the Republic of Vietnam.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston Salem, North Carolina. Original jurisdiction for the Veteran's claims was subsequently transferred to the RO in Louisville, Kentucky.

This matter was previously before the Board in October 2013, when it was remanded to schedule a Travel Board hearing at the RO. The Veteran later requested a hearing via live video conference. The Veteran was scheduled for a video conference hearing in April 2016, but he did not report or provide an explanation for his failure to appear. His hearing request is deemed withdrawn. See 38 C.F.R. 20.704(d) (2015). Nevertheless, this decision grants service connection for diabetes mellitus, type II, which essentially constitutes a full grant of the benefit on appeal, as the Veteran has sought service connection for diabetes, diagnosed as either type I or type II. Thus, adjudication of this appeal without a hearing results in no prejudice to the Veteran.

FINDINGS OF FACT

1. Since a final April 2008 rating decision that confirmed and continued a prior denial of service connection diabetes mellitus, VA has received new evidence that relates to the basis for the prior denial and raises a reasonable possibility of substantiating the claim.

2. The Veteran served in the Republic of Vietnam during the period beginning on January 9, 1962 and ending on May 7, 1975, and has diabetes mellitus, type II.

CONCLUSIONS OF LAW

1. New and material evidence has been received to reopen the claim of entitlement to service connection for diabetes mellitus. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156 (2015).

2. The criteria for entitlement to service connection for diabetes mellitus, type II, have been met. 38 U.S.C. §§ 1110, 1116, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. New and Material Evidence

In cases like the present appeal, the Board must address whether a newly submitted claim is truly representative of a new claim, or whether it should be construed as an application to reopen a previously denied claim. See Velez v. Shinseki, 23 Vet. App. 199, 204 (2009).

Here, the Agency of Original Jurisdiction (AOJ) construed the Veteran's filings regarding type II diabetes as a new claim, as opposed to an application to reopen a previous denial of service connection. The Board finds the filings submitted by the Veteran regarding type II diabetes are more properly considered an application to reopen the previously denied claim. The Board acknowledges an August 2006 rating decision denied service connection for type I diabetes. Yet, the Board finds the new claim is not based upon a diagnosed disease or injury that is factually distinct from the claim previously considered. See Velez, 23 Vet. App. 204; see also Boggs v. Peake, 520 F.3d 1330, 1336 (Fed. Cir. 2008) ("A claim based upon a distinctly diagnosed disease or injury has a different factual basis, and as such, cannot be considered the same as a previously decided claim that was based upon another diagnosis or injury"). The essential element of the Veteran's claim has always been that he has some form of diabetes as a result of herbicide exposure in service. The AOJ construed his initial general service connection claim for diabetes as a claim for type I diabetes after a June 2006 VA examiner diagnosed type I diabetes. The Veteran's claims and assertions regarding diabetes must be construed broadly because he does not have the requisite training to diagnosis type I or type II diabetes. See Clemons v. Shinseki, 23 Vet. App. 1, 5 (2009). Thus, the filings related to type II diabetes relate back to the initial general claim for diabetes. This procedural posture is more favorable to the Veteran as it could, in theory, result in an earlier effective date of service connection under VA regulation. See 38 C.F.R. §3.156(c). Therefore, the Board will analyze the issue of service connection for diabetes generally in the context of reopening.

An August 2006 rating decision initially denied service connection for diabetes. This denial was later confirmed and continued by an April 2008 rating decision. The Veteran filed a timely notice of disagreement regarding the April 2008 rating decision, but failed to perfect an appeal by filing a timely substantive appeal after the issuance of a statement of the case in August 2009. Thus, the April 2008 rating decision is final. 38 U.S.C.A. § 7105; 38 C.F.R. §§ 20.200, 20.202, 20.302.

A claimant may reopen a finally adjudicated claim by submitting new and material evidence. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156. New evidence is defined as existing evidence not previously submitted to the VA, and material evidence is defined as existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. 38 C.F.R. § 3.156(a). New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. Id.

The Court of Appeals for Veterans Claims (Court) has held the phrase "raises a reasonable possibility of establishing the claim" must be viewed as "enabling rather than precluding reopening." Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). The Court emphasized that 38 C.F.R. § 3.156 "does not require new and material evidence as to each previously unproven element of a claim." Id. at 120. The Court further explained the provisions of 38 C.F.R. § 3.156(a) creates a "low threshold" for finding new and material evidence that is favorable to the claimant. Id.

A determination of whether a previously denied claim should be reopened is a jurisdictional matter that must be addressed before the Board may consider an underlying claim. Jackson v. Principi, 265 F.3d 1366, 1369 (Fed. Cir. 2001). Therefore, regardless of the AOJ's action, the Board must address the question of whether new and material evidence has been presented to reopen a claim of service connection. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156(a).

In this case, the Board finds reopening of the Veteran's claim of entitlement to service connection for diabetes is warranted. The AOJ initially denied service connection for diabetes on the basis that the Veteran had been diagnosed as having type I diabetes, which is not presumed to be the result of herbicide exposure under VA regulations. The record now includes evidence, most notably a July 2016 expert opinion, that indicates it is at least as likely as not the Veteran has type II diabetes. This evidence relates to the basis for the prior denial and raises a reasonable possibility of substantiating the claim. Thus, reopening of the claim is warranted.

II. Service Connection

Service connection will be granted for a disability resulting from disease or injury incurred in or caused by active service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. 

Service connection for certain diseases enumerated in 38 C.F.R. § 3.309(e), including type II diabetes, may be established as presumptively due to herbicide exposure during service in the Republic of Vietnam from January 9, 1962, to May 7, 1975. 38 C.F.R. § 3.307(a)(6)(i). Once it is established that a claimant has been exposed to herbicides, a listed disease will be presumed service-connected due to herbicide exposure during service if it manifests to a compensable degree at any time, even though there was no record of such disease during service. 38 C.F.R. §3.309(e).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.

The record establishes the Veteran had qualifying service in the Republic of Vietnam from January 9, 1962, to May 7, 1975. See 38 C.F.R. § 3.307(a)(6)(i). The essential element of his appeal is whether he has type I or type II diabetes, as a finding of type II diabetes would entitle him to presumptive service connection pursuant to 38 U.S.C. § 1116. 

The Board requested an expert opinion regarding the proper diagnosis due to the conflicting evidence of record. In July 2016, a VA endocrinologist, M.K., M.D., reviewed the claims file and determined it is at least as likely as not the Veteran has type II diabetes. M.K., M.D., explained the Veteran was diagnosed as having diabetes in December 1980 and placed on insulin. M.K., M.D., further explained blood tests such as anti-insulin antibodies and C-peptide level used by VA examiners who diagnosed type I diabetes cannot be used to ascertain the type of diabetes in a patient who has been on insulin treatment for several years. Based on the unreliability of such tests, M.K., M.D., concluded it is at least as likely as not the Veteran has type II diabetes because it by far the most common form of diabetes. Resolving any remaining reasonable doubt in the Veteran's favor, the Board finds service connection for diabetes mellitus, type II, is warranted on a presumptive basis under the provisions of 38 U.S.C. § 1116, as the Veteran had qualifying service in the Republic of Vietnam. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.

ORDER

The claim of entitlement to service connection for diabetes mellitus is reopened.

Entitlement to service connection for diabetes mellitus, type II, is granted.

____________________________________________
M. HYLAND
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs