﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190905-40959
DATE: March 31, 2020

ORDER

Entitlement to service connection for an acquired psychiatric disorder other than anxiety, diagnosed as major depressive disorder, is granted as secondary to service-connected urinary bladder dysfunction.

REMANDED

Entitlement to service connection for peripheral neuropathy of the bilateral upper extremities, to include as secondary to service-connected cervical sprain, is remanded.

FINDING OF FACT

Resolving all reasonable doubt in the Veteran’s favor, major depressive disorder is due to or aggravated by his service-connected urinary bladder dysfunction. 

CONCLUSION OF LAW

The criteria for service connection for an acquired psychiatric disorder other than anxiety, diagnosed as major depressive disorder, are met. 38 U.S.C. §§ 1110, 1131, 5107(b) (2014); 38 C.F.R. §§ 3.102, 3.303(a), 3.310 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from May 1991 to October 1991. 

In a September 2019 VA Form 10182, the Veteran requested direct review by the Board of the November 2018 rating decision issued under the Appeals Modernization Act (AMA). In addition to the issues listed above, the Board notes that the September 2019 VA Form 10182 included the Veteran’s secondary service connection claim for bladder dysfunction. However, the AOJ granted service connection for that disability in the November 2018 rating decision. As the Veteran did not indicate that he disagreed with the initial disability rating or effective date assigned, those matters are not before the Board. See Grantham v. Brown, 114 F. 3d 1156, 1158 (Fed. Cir. 1997) (holding that a separate notice of disagreement must be filed to initiate appellate review of "downstream" elements such as the disability rating or effective date assigned).

Under direct review, a Board decision is based on the evidence at the time of the prior decision. The Board cannot hold a hearing or accept additional evidence into the record in its direct review. 38 C.F.R. § 20.301. Accordingly, the Board may consider the evidence of record as of November 21, 2018, the date of the prior decision.

The Board notes that the November 2018 rating decision denied entitlement to service connection for a mood disorder. However, as the evidence from the relevant appeal period also includes a diagnosis of major depressive disorder, the Board has expanded the Veteran's service connection claim to include all current psychiatric disorders. See Clemons v. Shinseki, 23 Vet. App. 1 (2009). In this regard, the Board notes that AOJ previously denied entitlement to service connection for anxiety in an August 2012 rating decision. Although the Veteran filed a notice of disagreement in October 2012, and a statement of the case was issued in April 2014, he did not file a timely substantive appeal, and no new and material evidence was received prior to the expiration of the appeal period. However, the RO did not consider the Veteran's currently diagnosed psychiatric disorders of major depressive disorder and mood disorder in that decision. The Board also notes that claims that are based upon distinctly diagnosed diseases or injuries must be considered separate and distinct claims. Boggs v. Peake, 520 F.3d 1330 (Fed. Cir. 2008); Ephraim v. Brown, 82 F.3d 399, 402 (Fed. Cir. 1996) (noting that a newly diagnosed psychiatric disorder (e.g., PTSD, even if medically related to a previously diagnosed disorder (such as depressive neurosis), is not the same for jurisdictional purposes when it has not previously been considered). Therefore, the Board has determined that a de novo service connection analysis is proper for the psychiatric disorder issue on appeal. Here, mood disorder and major depressive disorder were not previously adjudicated in any way by the AOJ; thus, it constitutes a new and distinct claim. The Board has consequently characterized the issue as entitlement to service connection for an acquired psychiatric disorder other than anxiety.

Service Connection

Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a link between the claimed in-service disease or injury and the present disability. Romanowsky v. Shinseki, 26 Vet. App. 289, 293 (2013).

With regards to secondary service connection, a disability can be service-connected on a secondary basis if it is proximately due to or the result of a service-connected condition. 38 C.F.R. § 3.310(a). Moreover, secondary service connection may also be established by any increase in severity (i.e., aggravation) of a nonservice-connected condition that is proximately due to or the result of a service-connected condition. 38 C.F.R. § 3.310(b), effective October 10, 2006. See 71 Fed. Reg. 52,744-52,747 (September 7, 2006). See also Allen v. Brown, 7 Vet. App. 439, 448 (1995); Tobin v. Derwinski, 2 Vet. App. 34, 39 (1991). Where a service-connected disability aggravates a nonservice-connected condition, a veteran may be compensated for the degree of disability (but only that degree) over and above the degree of disability existing prior to the aggravation. Allen, 7 Vet. App. at 448.

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise (i.e., about evenly balanced for and against the claim), with the Veteran prevailing in either event. Conversely, the claim will be denied if the preponderance of the evidence is against the claim. 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). All reasonable doubt is resolved in the Veteran’s favor. 38 C.F.R. § 3.102. 

1. Acquired psychiatric disorder other than anxiety

The Veteran is seeking service connection for an acquired psychiatric disorder that he believes is due to his military service or, alternatively, secondary to a service-connected disability. 

Here, there is no disputing the Veteran suffers from an acquired psychiatric disorder, diagnosed as major depressive disorder. See November 2018 VA Examination. 

In support of his claim for service connection, the Veteran submitted an April 2018 private Disability Benefits Questionnaire. The examining physician diagnosed mood disorder with depressive features and determined that it was at least as likely as not that the disorder was due to the pain associated with the Veteran’s cervical spine and left wrist disabilities. 

Thereafter, the Veteran was scheduled for a VA examination in November 2018. The examiner diagnosed major depressive disorder and determined that it was less likely than not that the diagnosed psychiatric disorder is due to or aggravated by the pain associated with the service-connected cervical spine disability, as the Veteran has asserted. Instead, the VA examiner determined that the psychiatric disorder is the result of multiple problems including, in relevant part, frequent urination at night due to a hypertension medication. 

At this juncture, the Board notes the RO granted service connection for a urinary / bladder dysfunction secondary to hypertension medications in a November 2018 rating decision. Therefore, regardless of which service-connected disability is causing or aggravating the Veteran’s diagnosed major depressive disorder, the Board finds that service connection on a secondary basis is granted. 

The Board acknowledges that the Veteran has also received a diagnosis for mood disorder during this period. However, the evidence does not differentiate the symptoms attributable to major depressive disorder versus those due to other diagnoses. See Mittleider v. West, 11 Vet. App. 181 (1998). Therefore, the Board considers all manifested psychiatric symptoms as being due to his major depressive disorder.

REASONS FOR REMAND

1. Peripheral neuropathy of the bilateral upper extremities

The question for the Board is whether the Veteran currently has peripheral neuropathy of the bilateral upper extremities that is attributable to service or to his service-connected cervical spine disability. 

One of the effects of the AMA is to narrow the set of circumstances in which the Board must remand appeals to the AOJ for further development instead of immediately deciding them directly. Nevertheless, even under the AMA, the Board still has the duty to remand issues when necessary to correct a pre-decisional duty-to-assist error. See Pub L. No. 115-55 section (2)(d); 38 C.F.R. § 20.802 (a).

In support of his claim for service connection for this disorder, the Veteran submitted an April 2018 private Disability Benefits Questionnaire. The examining physician provided a diagnosis of cervical neuralgia, but did not identify to which extremity the diagnosis applied. The examining physician also provided a diagnosis of mild, incomplete paralysis of the radial and median nerves of the left upper extremity. However, it was also noted that no EMG studies were performed. 

Thereafter, the Veteran was scheduled for a VA examination in November 2018. At that time, the VA examination failed to reveal a diagnosis of bilateral upper extremity peripheral neuropathy. In fact, the VA examiner specifically stated that there was a normal sensory examination for all extremities. However, it was again noted that no EMG studies were performed.

A new VA examination is needed to confirm a diagnosis of peripheral neuropathy of the bilateral upper extremities and, if there is a current diagnosis, to determine whether it is due to or aggravated by the Veteran’s service-connected cervical spine disability. Considering the foregoing, failure to provide the Veteran with an adequate examination is a pre-decisional duty to assist error. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). 

The matter is REMANDED for the following action:

Schedule the Veteran for a VA examination regarding the claimed peripheral neuropathy of the bilateral upper extremities. The examiner is asked to provide answers to the following:

(a.) Does the Veteran have a current diagnosis of neuropathy (or any other disorder) of the upper extremities? In order to render a diagnosis, the examiner must determine whether an EMG is necessary to rule out neuropathy of the bilateral upper extremities. 

In so determining whether the Veteran has a current diagnosis, the examiner must also discuss the findings contained in the April 2018 Private Disability Benefits Questionnaire and the November 2018 VA Examination. 

(b.) For each diagnosed disorder, the examiner should specifically state whether it is at least as likely as not (50 percent or greater probability) related to the Veteran's military service.

(c.) For each diagnosed disorder, the examiner should specifically state whether it is at least as likely as not (50 percent or greater probability) due to or aggravated by the Veteran's service-connected cervical spine disability.

The examiner must explain the rationale for the opinion, whether favorable or unfavorable, based on the findings on examination and information obtained from review of the record.

 

 

K.C. Spragins

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Berry, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.