NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7270

STEVEN P. FERNANDEZ,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Darla J. Lilley, of Hughes Springs, Texas, for claimant-appellant.

Hillary A. Stern, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director.  Of counsel were David J. Barrans, Deputy Assistant General Counsel, and Y. Ken Lee, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Alan G. Lance, Sr.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7270

STEVEN P. FERNANDEZ,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-3279, Judge Alan G. Lance, Sr.

_____

DECIDED: November 18, 2008

_____

Before NEWMAN, PLAGER, and SCHALL, Circuit Judges.

SCHALL, Circuit Judge.

## DECISION

Steven P. Fernandez appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") which affirmed the Board of Veterans' Appeals ("Board") decision denying his motion for revision of a January 1986 Board decision on account of clear and unmistakable error ("CUE"). See Fernandez v. Nicholson, No. 05-3279, 2007 WL 1467215, at *1 (Ct. Vet. App. May 18, 2007). We affirm.

DISCUSSION

I.

Mr. Fernandez is a veteran who served in the U.S. Navy from November 1972 to May 1974. Fernandez, 2007 WL 1467215, at *1. In 1984, Mr. Fernandez sought service connection for a back condition which allegedly developed from carrying heavy sheets of plywood. Id. The Board denied his claim in a January 1986 decision after reviewing, inter alia, the following evidence: (1) Mr. Fernandez's complaint of low back pain after a surfing incident in March 1974; (2) an in-service examination in March 1974 revealing moderate limitation of range of motion and resulting in a diagnosis of acute back strain; (3) a separation examination in May 1974 characterizing as normal Mr. Fernandez's spine and other musculoskeletal areas; (4) a statement by one of Mr. Fernandez's shipmates that Mr. Fernandez suffered a back injury during a shipboard construction project; and (5) a private medical opinion from Dr. Robert Badke which linked Mr. Fernandez's in-service injury to his current low back disorder. Id.

In November 2003, Mr. Fernandez filed a motion for revision on the basis of CUE. Id. Mr. Fernandez argued that CUE was present in the 1986 Board decision because the Board had failed to apply 38 C.F.R. § 3.303(d) (1985). Id. Section 3.303(d) permits direct service connection even where presumptive or chronicity elements set forth in that regulation are not met. 33 C.F.R. § 3.303(d) (2008). The Board denied the motion in April 2004, and Mr. Fernandez appealed. Fernandez, 2007 WL 1467215, at *1. The Veterans Court vacated the April 2004 Board decision and remanded to the Board so that the Board could consider whether the January 1986 Board decision adequately considered § 3.303(d). Id. On remand, the Board

determined that there was no CUE in the 1986 Board decision because its reference to § 3.303 generally supported a finding that the Board had adequately considered § 3.303(d). Id. Mr. Fernandez then appealed again to the Veterans Court. Id. This time, the court held that Mr. Fernandez had failed to show that the 1986 Board decision "undebatably failed to apply § 3.303(d)" or that "any analysis under § 3.303(d) would have manifestly changed the outcome of the January 1986 Board decision." Id. at *3.

## II.

Pursuant to 38 U.S.C. § 7292(c), we have exclusive, but limited jurisdiction to review decisions of the Veterans Court. Boggs v. Peake, 520 F.3d 1330, 1333 (Fed. Cir. 2008). We specifically possess "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c) (2006). Also within our jurisdiction is review of decisions of the Veterans Court on issues of law. Jordan v. Nicholson, 401 F.3d 1296, 1297 (Fed. Cir. 2005). However, unless a constitutional issue is present, we may not review challenges to factual determinations or to law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2) (2006).

In considering any issues of law properly raised by Mr. Fernandez's appeal, we review de novo the decision of the Veterans Court. Boggs, 520 F.3d at 1334. We set aside the Veterans Court's conclusions on an issue of law if they are found to be "(a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (b) contrary to constitutional right, power, privilege, or immunity; (c) in excess of statutory

jurisdiction, authority, or limitations, or in violation of a statutory right; or (d) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1) (2006).

"A decision by the Board is subject to revision on the grounds of clear and unmistakable error." 38 U.S.C. § 7111 (2006). According to our precedent and that of the Veterans Court, "in order to constitute CUE, the alleged error must have been outcome determinative; second, the error must have been based upon the evidence of record at the time of the original decision." Cook v. Principi, 318 F.3d 1334, 1344 (Fed. Cir. 2002) (en banc) (citations omitted). "Review for clear and unmistakable error in a prior Board decision must be based on the record and the law that existed when that decision was made." 38 C.F.R. § 20.1403(b)(1) (2008).

On appeal, Mr. Fernandez raises two contentions. First, he argues that the Board committed CUE in 1986 by failing to apply 38 C.F.R. § 3.303(d). Mr. Fernandez notes that the 1986 Board decision does not mention subsection (d) specifically. He avers that the evidence before the Board supported service connection for his back condition and that the Board's failure to apply § 3.303(d) led the Board to find no nexus between his in-service back injury and chronic low back disorder. Second, he contends that the Board also committed CUE when the Board dismissed the sole medical nexus opinion in the record and adopted its own unsubstantiated medical conclusion instead. He argues that the Board ignored the evidence of service connection in the record and impermissibly relied on its own medical expertise.

### III.

We see no error in the decision of the Veterans Court in this case. First, we note that nowhere does the 1986 Board decision indicate that the Board did not apply

§ 3.303(d). To the contrary, the Board cited to § 3.303(b) in the law section of its decision and generally in its conclusion of law. See In re Fernandez, No. 85-31 127 (Bd. Vet. App. Jan. 22, 1986). The absence of a citation specifically to subsection (d) of § 3.303 in its 1986 decision does not constitute CUE where, as here, the Board cited to § 3.303 and reviewed all the evidence of record.

Mr. Fernandez's second argument on appeal—that it was CUE for the Board to rely on its own medical expertise—is also without merit. While it is not entirely clear from the record that the Board in 1986 relied on its own medical expertise, see id., we will assume it did so. It was not CUE in 1986 for the Board, which had a physician on it, to rely on its own medical expertise. The Board was not required to base its decision on independent medical evidence until the Veterans Court rendered its 1991 decision in Colvin v. Derwinski, 1 Vet. App. 171 (Ct. Vet. App. 1991), overruled on other grounds by Hodge v. West, 155 F.3d 1356 (Fed. Cir. 1998). CUE "does not include the otherwise correct application of a statute or regulation where, subsequent to the Board decision challenged, there has been a change in the interpretation of the statute or regulation." 38 C.F.R. § 20.1403(e) (2008). Prior to 1991, the Board routinely relied upon its own medical expertise. See Bowyer v. Brown, 7 Vet. App. 549, 552 (Ct. Vet. App. 1995) ("The [Board's] use of its own medical judgment provided by the medical member of the panel was common practice prior to the Colvin decision."). Mr. Fernandez has failed to demonstrate that the Board committed CUE in applying its own medical expertise.

For the foregoing reasons, we affirm the decision of the Veterans Court.

No costs.