http://www.va.gov/vetapp16/Files2/1617291.txt

Citation Nr: 1617291 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 10-12 288 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas 
 

THE ISSUES

1. Whether new and material evidence has been received to reopen service connection for migraine headaches. 

2. Entitlement to service connection for bronchial asthma. 

REPRESENTATION

Appellant represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

T. Susco, Associate Counsel

INTRODUCTION

The Veteran served on active duty from August 1971 to May 1974.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. 

In October 2012, the Veteran testified at a Travel Board hearing before the undersigned Veterans Law Judge. In October 2013, the Board remanded the appeal to the RO for additional development. For the reasons discussed below, the matter has not adequately developed and the matter must again be remanded. Stegall v. West, 11 Vet. App. 268 (1998).

The Board has considered whether the current claim of service connection for bronchial asthma is properly characterized as a new claim of service connection or a claim to reopen service connection. See Boggs v. Peake, 520 F.3d 1330 (Fed. Cir. 2008); Velez v. Shinseki, 23 Vet. App. 199 (2009). In a February 2008 decision, the Board denied service connection for an upper respiratory disability, to include sinusitis, allergic rhinitis, and bronchitis. The Veteran did not appeal the February 2008 decision. In October 2008, the Veteran initiated the current claim of service connection for bronchial asthma. While asthma was not specifically included as part of "an upper respiratory disability," several references to a diagnosis of asthma were made in the determination that service connection was not warranted. Therefore, as it appears a diagnosis of asthma was considered in the February 2008 decision, the October 2013 Remand served as an de facto reopening of service connection, and the Board will proceed with adjudication of the current claim of service connection on the merits, as this is more favorable to the Veteran. 

This appeal was processed using both the "Virtual VA" system and the "Veterans Benefits Management System" (VBMS) paperless claims processing system. Accordingly, any future consideration of the Veteran's case should take into consideration the existence of this electronic record. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ).VA will notify the appellant if further action is required.

REMAND

During the October 2012 Board hearing, the Veteran testified that he regularly received treatment at a VA medical facility, including as recent as two weeks prior to the hearing. In October 2013, the Board remanded the case, in pertinent part, to associate with the claims file all outstanding VA treatment records, particularly all treatment records from the San Antonio VA Medical Center dated between March 2006 and January 2008, and from December 2008 to the present. 

Review of the Veteran's electronic claims file reveals a VBMS document that indicates it contains the entire set of the Veteran's VA treatment records from the San Antonio VA Medical Center from March 2006 to the present. However, while this document contains entries dated after 2008 relating to medication prescriptions and diagnostic testing results, this document contains no treatment records dated after January 2008. The case must be remanded to associate with the electronic file the outstanding VA treatment records. 

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the claims file all outstanding VA treatment records, to specifically include all VA treatment records from the San Antonio VA Medical Center dated from January 2008 to the present. 

2. After completion of the above and any other appropriate development deemed necessary, readjudicate the issues on appeal on the basis of the additional evidence of record. If the determinations remain adverse to the Veteran, he and his representative should be furnished with a Supplemental Statement of the Case. An appropriate period of time should then be allowed for a response before the record is returned to the Board for further review. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
VITO A. CLEMENTI 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal.38 C.F.R. § 20.1100(b) (2015).