Citation Nr: 1629289 
Decision Date: 07/22/16 Archive Date: 08/01/16

DOCKET NO. 12-02 097 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to service connection for a cervical spine disorder, to include radiculopathy of the bilateral upper extremities.


REPRESENTATION

Veteran represented by: North Carolina Division of Veterans Affairs


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

K.C. Spragins, Associate Counsel

INTRODUCTION

The Veteran had active service in the United States Air Force from July 1960 to May 1964 and from May 1965 to September 1982.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an April 2011 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina.

The Board notes that the RO previously denied entitlement to service connection for arthralgia of the shoulders, elbows, and hands in a January 1983 rating decision. To the extent that the Veteran's service connection claim encompasses radiculopathy of the bilateral upper extremities, the Board finds that it constitutes a separate and distinct claim. At the time of the prior final denial, the evidence of record did not contain any specific diagnosis for radiculopathy of the bilateral upper extremities. Since the January 1983 rating decision, the Veteran has been diagnosed with degenerative disc disease of the cervical spine with radiculopathy. See April 2011 VA Examination. As this distinct diagnosis was not of record at the time of the previous final denial, the Board finds that the claim of entitlement to service connection for a cervical spine disorder, to include radiculopathy of the bilateral upper extremities, is a new claim, and must be considered without regard as to whether new and material evidence has been received. See Boggs v. Peake, 520 F.3d 1330, 1337 (holding that claims based upon distinctly diagnosed diseases and injuries are separate and distinct claims under 38 U.S.C.A. § 7104(b)). 

The Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge in May 2016. A transcript from that proceeding is associated with the Veterans Benefits Management System (VBMS) folder.

This appeal has been processed using the Virtual VA paperless claims processing system and VBMS. Accordingly, any future consideration of this case should take into consideration the existence of these records.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Board finds that a remand is necessary to obtain an adequate medical opinion. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). The Veteran was provided with a VA examination related to his claim in April 2011. The examiner opined that it is less likely than not that the Veteran's degenerative disc disease of the cervical spine with radiculopathy was caused by or a result of a condition treated in service. The examiner based this opinion on the fact that no chronic neck condition was established in the service treatment records and no continuity of care was documented for more than 20 years. However, the Veteran testified that he has continued to experience numbness, tingling, and pain his arms since 1978. See May 2016 Board Hearing Transcript (Tr.), page 3, 4, and 6. In addition, the record reflects that he has repeatedly sought treatment for symptoms related to his bilateral upper extremities since service. Despite the use of different pain medications, the Veteran reported that his symptoms persisted until he received medication for nerve pain following his 2008 diagnosis of degenerative disc disease of the cervical spine. See Tr., page 4, 6. After he began taking this medication, his symptoms disappeared. See Tr., page 6, 11. In light of this evidence, the Board finds that an additional medical opinion is necessary to address whether the Veteran's continued symptoms of numbness, tingling, and pain in his bilateral upper extremities were manifestations of radiculopathy associated with degenerative disc disease of the cervical spine.

In addition, the April 2011 VA examiner noted that the Veteran received a diagnosis of brachial neuritis or radiculitis not otherwise specified (NOS) as a result of a May 2010 MRI of the cervical spine conducted by the Womack Army Medical Center. However, the claims file does contain not these MRI results. Consequently, the RO should attempt to obtain records associated with this MRI upon remand.


Accordingly, the case is REMANDED for the following action:

1. The AOJ should request that the Veteran provide the names and addresses of any and all health care providers who have provided treatment for his cervical spine disorder. A specific request must be made for a report from a May 2010 MRI of the cervical spine conducted by the Womack Army Medical Center.

After acquiring this information and obtaining any necessary authorization, the AOJ should obtain and associate these records with the claims file.

The AOJ should also secure any outstanding, relevant VA medical records. All attempts at obtaining records should be documented in the claims folder.

2. After completing the above development, the case should be referred to the April 2011 VA examiner (or if she is unavailable, to another suitably qualified examiner) for a medical opinion to determine the nature and etiology of the Veteran's degenerative disc disease of the cervical spine with radiculopathy. If an additional examination is deemed necessary to provide the requested opinion, such an examination should be scheduled.

The examiner is requested to review all pertinent records associated with the claims file, including the Veteran's service treatment records, post-service medical records, and lay statements.

It should be noted that Veteran is competent to attest to matters of which he has first-hand knowledge, including observable symptoms. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.

The examiner should state whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran's degenerative disc disease of the cervical spine with radiculopathy manifested in service or is otherwise related to service, to include any symptomatology therein.

In rendering this opinion, the examiner should include consideration of the following: (1) the Veteran's May 2016 Board hearing testimony that he has continued to experience numbness, tingling, and pain his arms since 1978; (2) the Veteran's report of right arm weakness in the March 1982 Report of Medical History; (3) the Veteran's report of general weakness in both arms as well as elbow and shoulder pain in the December 1982 VA general medical examination; (4) the Veteran's May 1989 report of left arm pain with tingling down to his fingers in a record from the US Air Force Clinic, Pope Air Force Base; (5) the December 1994 record from the US Air Force Clinic, Pope Air Force Base, that noted the Veteran's complaint of paresthesias in his hands; (6) the November 1995 statement from the Joel Health Clinic, Womack Army Medical Center, that the Veteran had recurring pain in the upper to mid portion of his back; (7) the Veteran's May 2016 Board hearing testimony that despite the use of different medications since service, his bilateral upper extremity symptoms did not disappear until he was given Gabapentin in 2008; and (8) the internet article submitted by the Veteran in May 2011 entitled "Is My Neck Pain Caused by a Pinched Nerve?"

3. Review the VA examination report to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, the AOJ must implement corrective procedures. Stegall v. West, 11 Vet. App. 268, 271 (1998).

4. After completing the above action, and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claims must be adjudicated. If the claim remains denied, a supplemental statement of the case must be provided to the Veteran and his representative. After the Veteran and his representative have had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MICHAEL D. LYON 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).