NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTHONY C. BRADLEY,**

*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2025-1198

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-2001, Judge Scott Laurer.

---

Decided: May 14, 2025

---

ANTHONY CRAIG BRADLEY, Grand Prairie, TX, pro se.

LAURA OFFENBACHER ARADI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before MOORE, *Chief Judge*, CHEN and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Anthony Bradley appeals a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming a decision of the Board of Veterans' Appeals (Board), which denied his request for an earlier effective date for a service connected condition. For the following reasons, we *affirm in part and dismiss in part*.

## BACKGROUND

Mr. Bradley served in the U.S. Army from September 1984 to March 1994. S. Appx. 2; S. Appx. 14.[1] In March 1994, he filed a claim for service connection for chest pain, which he described as ongoing and having occurred periodically throughout his career. S. Appx. 20. Mr. Bradley described no gastrointestinal symptoms in association with the claimed chest pains. *Id.* The Department of Veterans Affairs (VA) denied the claim. *Id.* In April 1997, Mr. Bradley attempted to reopen the claim, and the VA again denied it. *Id.*; S. Appx. 5–6.

On May 7, 2012, Mr. Bradley filed a claim for gastrointestinal issues. S. Appx. 20. He described the disability as involving indigestion, abdominal pain, gas, bloating, and an upset stomach. *Id.* Mr. Bradley did not describe chest pain as a symptom of the disability. *Id.* The VA granted service connection for gastroesophageal reflux disease (GERD) with irritable bowel syndrome (IBS) based on "substernal pain," effective May 7, 2012. *Id.* at 19–20. Mr. Bradley appealed to the Board, arguing his substernal pain was connected to his previously reported chest pain, and

---

[1]    "S. Appx." refers to the supplemental appendix attached to Appellee's Informal Response Brief.

the effective date for his GERD should therefore be March 1994.  S. Appx. 5; S. Appx. 19.

The Board denied his request for an earlier effective date.  S. Appx. 19–22.  The Board found Mr. Bradley's prior claim for chest pain was based on "distinct factual bases" as compared to his GERD claim because gastrointestinal issues were not provided in his prior claim or in the evidence of record at the time.  *Id.* at 20–21.  Mr. Bradley appealed to the Veterans Court, which affirmed the Board's denial.  S. Appx. 2–7.  Mr. Bradley appeals.

## DISCUSSION

We have jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision."  38 U.S.C. § 7292(a).  We have "exclusive jurisdiction . . . to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision."  38 U.S.C. § 7292(c).  "Except to the extent that an appeal under this chapter presents a constitutional issue, [we] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."  38 U.S.C. § 7292(d)(2).

On appeal, Mr. Bradley identifies six alleged errors for review: (1) the Veterans Court failed to ensure the Board provided an adequate statement of the reasons and bases for its decision; (2) the VA failed to further develop his claim of chest pain in March 1994 and April 1997; (3) the Veterans Court improperly evaluated the scope of his claim; (4) the Veterans Court violated his constitutional rights; (5) the Veterans Court allowed the Board to apply an incorrect legal standard to determine the scope of his claim; and (6) the Veterans Court legally erred by disregarding the Board's favorable conclusion that 38 C.F.R. § 3.156(c) applied.  Appellant Informal Br. 5–19.

## I.

We lack jurisdiction to review Mr. Bradley's first three alleged errors, which amount to factual disagreements with the outcome of his case. *Newhouse v. Nicholson*, 497 F.3d 1298, 1302 (Fed. Cir. 2007) ("Our jurisdictional statute precludes appellate review of factual matters and the application of law to facts."). First, Mr. Bradley argues the Veterans Court failed to ensure the Board provided adequate reasons and bases for its decision. As support, Mr. Bradley argues the Board failed to address all record evidence in its decision, including evidence from his August 2017 rating decision that shows his hiatal hernia is connected to his GERD. The Board, however, did consider the August 2017 rating decision and Mr. Bradley's GERD diagnosis in its analysis. S. Appx. 15, 19–22. Mr. Bradley's argument therefore amounts to a disagreement with the Board's weighing of the evidence, which we lack jurisdiction to review. *Maxson v. Gober*, 230 F.3d 1330, 1333 (Fed. Cir. 2000) ("The weighing of this evidence is not within our appellate jurisdiction.")

Second, Mr. Bradley's argument that the VA failed to develop his claim for chest pain is a duty-to-assist argument. Compliance with the duty to assist is a factual issue and therefore not within our jurisdiction. *See Garrison v. Nicholson*, 494 F.3d 1366, 1370 (Fed. Cir. 2007); *see also Glover v. West*, 185 F.3d 1328, 1333 (Fed. Cir. 1999). Third, Mr. Bradley argues the Veterans Court improperly evaluated the scope of his claim. Again, this is a factual issue. *Ellington v. Peake*, 541 F.3d 1364, 1371–72 (Fed. Cir. 2008) (holding the interpretation of the contents of a claim for benefits is a factual issue).

We also lack jurisdiction to review Mr. Bradley's fourth alleged error—that the Veterans Court violated his constitutional rights. Mr. Bradley raises two constitutional issues under the Fifth Amendment: violation of due process and a government taking. Mr. Bradley's constitutional

arguments, however, amount to a disagreement with the Veterans Court's factual findings and do not present a constitutional issue. Nor did the Veterans Court decide any constitutional issues. Mr. Bradley's characterization of his arguments as constitutional does not make them so. *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (holding "characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack").

## II.

We have jurisdiction to review Mr. Bradley's fifth alleged error—that the Board applied an incorrect legal standard to determine the scope of his claim. *Lamour v. Peake*, 544 F.3d 1317, 1321 (Fed. Cir. 2008) ("[W]e have authority to decide whether the Veterans Court applied the correct legal standard."). Mr. Bradley argues the Veterans Court erred in affirming the Board decision because the Board should have determined the scope of his March 1994 claim using the "reasonable expectations" standard in *Clemons v. Shinseki*, 23 Vet. App. 1, 5 (2009), instead of the "distinct factual bases" standard in *Boggs v. Peake*, 520 F.3d 1330, 1337 (Fed. Cir. 2008) (citing 38 U.S.C. § 7104(b)). We do not agree.

The Board did apply the "reasonable expectations" standard in *Clemons*. The Board cited to *Clemons* and found Mr. Bradley's March 1994 claim for chest pain cannot "reasonably be construed" as a claim for GERD. S. Appx. 19, 21. The Veterans Court also cited *Clemons*, analyzed Mr. Bradley's expectations in filing his March 1994 claim, and found no evidence of "intent . . . to file a claim for GERD." S. Appx. 3 n.7, 6–7. To the extent Mr. Bradley argues the Veterans Court was incorrect to also apply the "distinct factual bases" standard in *Boggs* to the March 1994 and May 2012 claims, we do not agree. Appellant Informal Br. 6–7. We have held *Boggs* and *Clemons* are not mutually exclusive. *Murphy v. Wilkie*, 983 F.3d

1313, 1318 (Fed. Cir. 2020) (holding that, "while both *Boggs* and *Clemons* speak to claim scope, they are not inherently conflicting and do not address the same inquiries").

Mr. Bradley also argues it was legal error for the Veterans Court to apply the "distinct factual bases" standard in *Boggs* because his March 1994 claim for chest pain lacked a "distinct diagnosis." Appellant Informal Br. 6–7. In other words, Mr. Bradley argues a specific diagnosis is required before the Veterans Court can find two claims have distinct factual bases. We do not agree. While *Boggs* teaches that separately diagnosed conditions with separate factual bases should be treated as separate claims, it does not require that a claim have a specific diagnosis before the Veterans Court can find it has distinct factual bases from another claim. 520 F.3d at 1337. Accordingly, we see no legal error in the standards used to determine claim scope.

We also have jurisdiction to review Mr. Bradley's sixth alleged error—that the Veterans Court legally erred by disregarding the Board's favorable conclusion that 38 C.F.R. § 3.156(c) applied. 38 U.S.C. § 7292(a). Mr. Bradley suggests his claim must be decided favorably because the Board concluded § 3.156(c) applies. Appellant Informal Br. 17–18; Appellant Informal Reply Br. 2–13. We do not agree. Section 3.156(c) sets forth the circumstances under which the VA must reconsider a claim; it does not mandate the claim be decided favorably upon reconsideration. 38 C.F.R. § 3.156(c). Here, the Board held § 3.156(c) applied but found Mr. Bradley failed to prove he claimed a gastrointestinal disability before May 2012. S. Appx. 19. The Veterans Court also considered § 3.156(c) and similarly held Mr. Bradley failed to show he claimed a gastrointestinal disability before May 2012. S. Appx. 7. Because the Board and Veterans Court complied with § 3.156(c) by reconsidering Mr. Bradley's claim for chest pain, there is no legal error.

CONCLUSION

We have considered Mr. Bradley's remaining arguments and find them unpersuasive. For these reasons, we affirm in part and dismiss in part.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

COSTS

No costs.